IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Carl Wiley | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO.: 4:15-cv-2230 |
| | § | |
| VS. | § | JURY DEMAND |
| | § | |
| O'Reilly Automotive Stores, Inc. | § | |
| | § | |
| Defendant, | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, Carl Wiley ("Mr. Wiley"), Plaintiff herein, complaining of O'Reilly Automotive Stores, Inc. ("O'Reilly"), Defendant herein, and for cause of action would show as follows:

### I. PARTIES

1. Plaintiff Carl Wiley is a citizen and resident of Harris County, Texas.

2. Defendant O'Reilly Automotive Stores, Inc. is a Montana Corporation, engaging in business and transacting business in the state of Texas and in Harris County of Texas, with retail stores throughout the state of Texas. Defendant O'Reilly may be served through its Texas registered agent for service, CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

### II. JURISDICTION

3. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(l) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the accident which forms the basis of this lawsuit occurred within this District.

5.  All conditions precedent have been performed or have occurred.

### III. NATURE OF CASE

6.  On or about February 17, 2015, Mr. Wiley was shopping at the O'Reilly Automotive Store located at in this district located at 3596 Old Spanish Trail. Houston, TX 77021 (the "Store") when a representative of Defendant O'Reilly dropped at least one heavy unsecured brake rotor of a vehicle on Mr. Wiley's right foot and crushed his foot.  Mr. Wiley was immediately taken to Baptist Orange Hospital for treatment. Mr. Wiley fractured foot impaired Mr. Wiley's ability to walk, stand, and posture for three months. In order to cope with the pain from the fractured foot, Mr. Wiley's body developed an antalgic gait, a condition that disturbed Mr. Wiley's normal posture and aggravated a then healed lower back injury. Mr. Wiley's pain continued even after treatment to the point that his treating physician advised using epidural steroid injection ("ESI") to alleviate the pain.  In addition to receiving treatment for posttraumatic symptoms and injuries resulting from the above mentioned accident, Mr. Wiley has suffered mental anguish and has been having difficulty performing his job – as a chef.  Often Mr. Wiley had to perform his job function while standing with the aid of crutches, a situation that exacerbated Mr. Wiley's lower back pain even further.

7.  Plaintiff would further show the Court that representative was working under direction of O'Reilly Automotive and the incident took place in one of O'Reilly's retail stores.

### IV. NEGLIGENCE

8.  On the occasion in question, Defendant O'Reilly committed acts of omissions and commission, which collectively and separately constituted negligence. Defendant O'Reilly had a

duty to exercise ordinary care, meaning that degree of care that would be used by any company of ordinary prudence under the same or similar circumstances, and Defendant O'Reilly breached that duty, including but not limited to, one or more of the following ways:

    a. Failing to use proper safety equipment;

    b. Failing to properly maintain the Store;

    c. Failing to inspect the Store;

    d. Creating an unreasonable dangerous condition;

    e. Failing to adequately warn of a dangerous condition;

    f. Failing to correct an existing dangerous condition;

    g. Failure to provide adequately secure equipment in the Store;

    h. Failure to properly handle equipment in the Store;

    i. Ignoring notice of safety hazards; and

    j. Otherwise failing to use ordinary care in mainlining the Store safety.

9. Defendant O'Reilly's failure to adhere to its above mentioned duties caused injuries to Mr. Wiley. Those injure were actual and proximate cause of Defendant O'Reilly's breach of the above mentioned duties.

## V. PREMISES LIABILITY

10. Mr. Wiley visited the Store to purchase certain items. He was in the Store to confer benefit upon Defendant O'Reilly – Mr. Wiley was an invitee.

11. Defendant O'Reilly had a duty to keep the Store safe for invitees, including Mr. Wiley. The unsafe nature of handling the unsecured equipment by O'Reilly's representative created an unsafe condition at the Store, resulting in severe injuries sustained by Mr. Wiley.

12.     Defendant O'Reilly had a duty to keep the Store safe for invitees, including Mr. Wiley. The unsafe nature of the Store wherein O'Reilly's representatives frequently moved unsecured equipment created an unsafe condition at the Store, resulting in severe injuries sustained by the Plaintiff.

13.     Defendant O'Reilly also has a duty to keep the Store safe for invitees, including Mr. Wiley. Defendant O'Reilly's created an unsafe condition at the store by allowing those individuals with whom Defendant O'Reilly had a business relationship to frequently deliver unsecured equipment in an unsafe manner to and from the Store. This manner delivery of equipment created an unsafe condition at the Store, resulting in severe injuries sustained by Mr. Wiley.

14.     Defendant O'Reilly knew, or reasonably should have known of the danger.

15.     Defendant O'Reilly breached its duty of ordinary care to Mr. Wiley by failing to warn him of the dangerous condition of the Store, or in the alternative, failing to make the Store reasonably safe.

17.     Defendant O'Reilly's failure to exercise reasonable care is the actual cause of the incident in question and the Plaintiff's injuries. Furthermore, Defendants' failure to exercise reasonable care proximately caused the incident in question and the Plaintiff's injuries.

## V. <u>VICARIOUS LIABILITY</u>

18.     At all times, the representative who dropped the heavy brake rotors (the "Representative") on Mr. Wiley's foot was working under supervision and control of Defendant O'Reilly when it committed the wrongful and negligent acts described herein. The Representative engaged in this conduct while acting in the course and scope of his employment with Defendant O'Reilly.

5.13    Defendant O'Reilly granted the Representative authority to perform as an agent of Defendant O'Reilly. Defendant O'Reilly held the Representative out to the community as a fit and competent agent of Defendant Lake. The Representative committed the acts alleged within the apparent authority arising from its agency. The Representative's conduct was undertaken in the course and scope of its employment with Defendant Lake and/or was ratified by Defendant Lake.

## VII. DAMAGES

19.    All of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

## VIII. JURY DEMAND

20.    Plaintiffs request a trial by jury for all issues of fact. A jury fee has been paid timely and properly.

## IX. PRAYER

21.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendant for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**Fomby & Zarghouni LLC.**

By:*/s/Matthew M. Zarghouni*
Matthew M. Zarghouni
State Bar No. 24086085
4669 Southwest Freeway, Suite 575
Houston, Texas 77027
Telephone (281) 310-0902
Facsimile (832) 201- 8781
**ATTORNEYS FOR PLAINTIFF**